# IN THE MATTER OF TUCHOW.
(SUPREME COURT DISCIPLINARY NOS. 120, 140)

PER CURIAM.

In case number 120 the State Bar alleged in its complaint that attorney Robert Tuchow accepted employment from a Mr. Bearden to pursue a claim for unpaid carpentry work, accepted two fee payments totaling $324.50, and advised his client that the case was in court when in fact the attorney had failed to file suit.

In case number 140 the complaint alleged that attorney Tuchow accepted employment from a Ms. Caldwell for the purpose of obtaining a divorce, and accepted two fee payments totaling $275, but since being advised that he would file for and obtain a divorce, the client has been unable to contact or locate her attorney or otherwise able to get him to perform the legal services for which he had been paid.

In both cases, the attorney was charged with violating Standard No. 44 of Rule 4-102 in part IV (discipline), which provides as follows: "A lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him. A violation of this Standard may be punished by disbarment." (241 Ga. 643 at 738).

The attorney failed to answer the complaints of the State Bar and the special master found that the attorney admitted each and every allegation of the complaints by default. Bar Rule 4-212(a) (241 Ga. at 752-753).

The State Disciplinary Board adopted the findings of the special master and recommends that the attorney be disbarred from the practice of law in this state. We agree. Robert Tuchow is hereby disbarred and his license to engage in the practice of law is terminated.

*It is so ordered. All the Justices concur.*

DECIDED JANUARY 7, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.

Robert Tuchow, *pro se.*